## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AUTUMN C. SMALLWOOD,**

     **Plaintiff,**

**v.**                              **Case No.:**

**CHRISTINE BUSTER, LLC d/b/a**
**BUSTER'S BISTRO,**

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AUTUMN C. SMALLWOOD ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CHRISTINE BUSTER, LLC d/b/a BUSTER'S BISTRO ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

## PARTIES

4.     Defendant is a Florida corporation and operates a bistro in Sanford, in Seminole County.

5.     Plaintiff worked for Defendant as a waitress at their bistro in Sanford, Florida.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

7.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

9.     Defendant continues to be an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in "providing services for commerce" within the meaning of the FLSA.

11.     At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year.  Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

12.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

13.     Plaintiff has satisfied all conditions precedent, or they have been waived.

14.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff worked for Defendant from March 2021 to January 2022 as a waitress.

17.     At all times material hereto, Plaintiff worked hours at the direction of Defendant, and she was not paid a minimum wage for all of the hours that she worked.

18.     By failing to pay Plaintiff for any of the hours worked and engaging in a illegal tip pool, Defendant failed to pay Plaintiff a minimum wage.

19.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a workweek for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

20.     Specifically, from March 2021 until on or around May 2021, Plaintiff worked over fifty (50) hours within a workweek and Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

3

21.    Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

22.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23.    During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

24.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)    Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)    An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

4

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

### <u>COUNT II – FLSA OVERTIME VIOLATION</u>

26.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

27.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of May, 2022.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar No. 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Direct Dial: 813-321-4086
Main Telephone: 813-224-0431
Facsimile: 813-229-8712
E-Mail: csaba@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**