UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AUTUMN C. SMALLWOOD,**

        **Plaintiff,**

v.                                        Case No:  6:22-cv-865-CEM-DAB

**CHRISTINE BUSTER, LLC,**
dba Buster's Bistro,

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE (Doc. No. 16)**
>
> **FILED:**    July 22, 2022
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On May 9, 2022, Plaintiff filed a Complaint against Defendant alleging unpaid overtime and minimum wages in violation of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. Plaintiff alleges that she worked for Defendant as a

waitress from March 2021 to January 2022 and received neither a minimum wage for all hours worked nor wages for hours worked from March 2021 to May 2021 in excess of 40 hours per week. *Id.* ¶¶ 16-20.

On July 22, 2022, the parties filed a "Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice" ("the Motion"). Doc. No. 16. The parties state that Plaintiff will receive $5,000.00 for her alleged unpaid minimum wages and overtime wages and an equal amount for liquidated damages, for a total of $10,000.00. *Id.* at 5; Doc. No. 16-1. Plaintiff's counsel will receive $5,500.00 in attorney's fees and costs that were separately negotiated from Plaintiff's payments. Doc. No. 16 at 6-7; Doc. No. 16-1. The parties ask the Court to approve the settlement agreement and to dismiss the case with prejudice. Doc. No. 16 at 8.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (footnote omitted), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement,

2

> the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food Stores* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of [Plaintiff's] success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1] Here, the Court finds no collusion behind the settlement, which was reached after considerable negotiation by the parties, and that the release is limited to Plaintiff's FLSA claims. Doc. No. 16 at 3, 5-6; Doc. No. 16-1 at 3.

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]" (quoting *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947))).[2] In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

4

> employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52. For the Court to determine whether the proposed settlement is reasonable, counsel for the plaintiff must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to

---

[3] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. When a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer that is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

ensure that any such allocation is reasonable. *See id.* As the Court interprets *Lynn's Food Stores* and *Silva*, when there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that, if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of her claims is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1354-55. In this case, however, Plaintiff has not compromised her FLSA claims. Doc. No. 16 at 5-6; Doc. No. 16-1 at 1. Therefore, the agreement is necessarily a "fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Accordingly, it is recommended that the Court find the consideration being paid to Plaintiff to resolve Plaintiff's FLSA claims is fair and reasonable.

Because the parties represent that Plaintiff will receive full or substantial compensation for her claims under the FLSA (Doc No. 16 at 6; Doc. No. 16-1 at 2), the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not "taint" the amount Plaintiff agreed to accept to settle the case. *See Granger v. Water Sports Mgmt., Inc.*, Case No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286, at *2 (M.D. Fla. May 18, 2009). Even if the Court were to consider the reasonableness of the attorney's fees, the parties represent that they were negotiated separately from Plaintiff's recovery. Doc. No. 16 at 6-7. The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

7

Accordingly, it is **RECOMMENDED** that the Court enter an order **GRANTING** the Motion (Doc. No. 16) and **DISMISSING the case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida, on July 28, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record